UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
  WHOLESALE AUTO TRADE,

                        Plaintiff,

           - against -

  CARBINE MOTORCARS DIRECT LLC,
  CENTRAL DISPATCH, TG TRANSPORT
  LLC, and TERRION GREEN,

                      Defendants.
----------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

23-cv-3383 (BMC)

**COGAN**, District Judge.

     The Court issued an Order to Show Cause as to why this case should not be dismissed because, among other reasons, plaintiff has failed to properly allege the citizenship of the limited liability company defendants. Having been unaware until informed by the Court that the citizenship of a limited liability company for purposes of diversity of citizenship is determined by the imputed citizenship of each of its members, not its state of organization or its principal place of business, plaintiff offers its belated, but only partially successful, due diligence in trying to find out who the members of the LLCs in this case are as a substitute for the required allegations of citizenship. Due diligence by a litigant, however, does not bear on the fundamental obligation to actually identify, not guess at, the citizenship of each interest holder in the LLC.

     In response to this Court's Order to Show Cause, plaintiff concedes that "after a diligent search . . . TG Transport . . . could not be identified as a filed LLC." In failing to allege whether

defendant TG Transport is an LLC, incorporated entity, or some other creature of state law, plaintiff fails to allege its citizenship and therefore this Court lacks diversity jurisdiction. See 136-61 Roosevelt LLC v. Starbucks Corp., No. 21-cv-3560, 2021 WL 2779287, at *1 (E.D.N.Y. July 2, 2021).  That plaintiff was not able to obtain information necessary to properly allege citizenship despite a "diligent search" is of no consequence.  See Kenshoo, Inc. v. Aragon Advert., LLC, 586 F. Supp. 3d 177, 181 (E.D.N.Y. 2022) ("A plaintiff's lawyer must do the research first and if she cannot find a definitive basis for alleging the citizenship of each defendant, then the case belongs in state court.").

Plaintiff has also made insufficient and contradictory allegations regarding the citizenship of defendant Central Dispatch.  Plaintiff claims that Central Dispatch is an LLC organized under the laws of Illinois with "its manager and registered agent listed as Eugene Rapoport with an address in [Illinois]."  Plaintiff thus appears to be suggesting that Central Dispatch is a citizen of Illinois.  But plaintiff also alleges that Central Dispatch "is a subsidiary of Cox Automotive, Inc.," which plaintiff claims has a "physical address" in Georgia.  Plaintiff does not specify the organizational relationship between Central Dispatch and Cox, nor does plaintiff allege Cox's principal place of business or state of incorporation.  For Central Dispatch to be a "subsidiary" of Cox, Cox must have some ownership interest in Central Dispatch – presumably as a member of the LLC.  And there may be other members of the LLC if the subsidiary is not wholly owned.  Thus, in failing to allege the principal place of business or state of incorporation of Cox, as a presumed member of the LLC based on plaintiff's allegations, plaintiff has failed to adequately allege the citizenship of Central Dispatch as well.

By seeking to substitute its due diligence efforts instead of actual knowledge of the parties' citizenship, plaintiff's amended complaint runs afoul of authority both venerable and

modern.  As Justice Marshall held nearly two hundred years ago, "[t]he decisions of [the Supreme Court] require[] that the averment of jurisdiction shall be positive, that the declaration shall state expressly the fact on which jurisdiction depends."  Brown v. Keene, 33 U.S. 112, 114 (1834).  More recently, as the use of LLCs in lieu of the corporate form has greatly expanded, the Supreme Court has acknowledged that from a business perspective, it may not make sense for diversity of citizenship purposes to distinguish between LLCs, limited partnerships, and other unincorporated entities, on the one hand, and corporations, on the other hand: "The resolutions we have reached [regarding this distinction] can validly be characterized as technical, precedent-bound, and unresponsive to policy considerations raised by the changing realities of business organization."  Carden v. Arkoma Assocs., 494 U.S. 185, 196 (1990).  Nevertheless, the Supreme Court has concluded that any change is "'properly a matter for legislative consideration which cannot adequately or appropriately be dealt with by this Court.'  In other words . . . we have left further adjustments to be made by Congress."  Id. (quoting United Steelworkers of America, AFL-CIO v. R.H. Bouligny, Inc., 382 U.S. 145, 147 (1965)).  Moreover, there have been proposals to amend the Judicial Code to treat LLCs the same as incorporated entities for purposes of diversity jurisdiction, but none have ever been adopted.  See e.g., American Bar Association, "Resolutions with Reports to the House of Delegates" (Aug. 2015), https://www.americanbar.org/content/dam/aba/administrative/house_of_delegates/ebook-of-resolutions-with-reports/2015_hod_annual_meeting_electronic_report_book.pdf.

Congress must, of course, be aware of the promulgation of LLCs as a desirable business entity.  It must also be aware that few, if any, states require under their limited liability company statutes that organizers publicly file a list of their members, making it more difficult to allege their citizenship in federal court.  Some of the political pressures in any change are apparent: for

example, in many states, personal injury lawyers often prefer to be in state court because jury verdicts may be perceived as generally coming in higher than in federal court, although business entities often prefer to be in federal court for that and other reasons.  The issue can present a tug-of-war which, as the Supreme Court has pointed out, is properly fought in Congress, not by the policy preferences of judges.

Congress has not changed the fact that the citizenship of each member of an LLC must be identified for diversity to be invoked.  Nor has Congress made the accommodation plaintiff puts forward here – that if a litigant tries really, really hard to find out the citizenship of each member of the LLC, that is good enough.

Accordingly, this case is DISMISSED for lack of subject matter jurisdiction.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
       May 11, 2023